Clifford SMITH, Appellant,

v.

GALVESTON COUNTY, Appellee.

No. 01–08–01011–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 7, 2010.

Clifford A. Smith, Beeville, TX, for Appellant.

Donald S. Glywasky, Galveston County Legal Department, Galveston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION

LAURA CARTER HIGLEY, Justice.

Pro se inmate Clifford Smith sued Galveston County for negligence after he slipped in the jail shower and sustained injury. The county filed a plea to the jurisdiction in which it alleged that it was immune from Smith's suit. The trial court granted the plea and dismissed Smith's suit against the County. In one issue, Smith challenges the trial court's dismissal by asserting that the County's immunity from suit was waived.

We affirm.

### Background

On February 28, 2006, Smith was an inmate in the Galveston County Jail. He was housed in the part of the jail known as "Tank F." Smith claimed that he slipped as he was getting out of the shower causing him to fall and hit a table. Smith alleged that he cut his lip and sustained other injuries in the fall.

Smith sued Galveston County. He asserted that the County had been negligent for failing to place a non-skid floor cover-

ing "on the smooth concrete floor to prevent a person from slipping."

The County answered and filed a combined plea to the jurisdiction and motion for summary judgment. In its jurisdictional plea, the County asserted sovereign immunity from suit. The County contended, "[Smith] has failed to state a claim within the Texas Tort Claims Act, and therefore the Court is without jurisdiction over this case." The County pointed out that, by its terms, the Tort Claims Act does not apply to acts or omissions that occurred before January 1, 1970. In support of its plea, the County offered evidence showing that Tank F was built in 1960 and that no modifications have been made to that part of the jail since its construction.

Smith responded to the jurisdictional plea asserting that the County was "negligent in failing to provide a non-slip/skid floor covering and/or replace the non-slip/skid floor covering in front of the shower area and that as a result Plaintiff slipped, fell and suffered injury." Smith pointed out that the Tort Claims Act waives immunity from suit for a personal injury caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. Smith claimed that the County's housing of inmates at the jail facility constituted a use of real property and that his alleged injuries arose out of "a condition associated with the use of [the] real property." More particularly, Smith asserted that the County knew of the hazardous nature of the shower floor but had failed to remedy it. Smith argued that the County's knowledge of the floor's condition was demonstrated by the County's installation of non-skid flooring in the shower of the jail's medical unit. Smith also offered evidence that oth-

er inmates had slipped in the Tank F shower.

Smith addressed the County's assertion that the Tort Claims Act does not apply to his claims because the shower floor has existed unmodified since 1960. Smith did not dispute that the Tort Claims Act does not waive sovereign immunity for claims arising from acts or omissions occurring before 1970. Instead, Smith asserted such exception did not apply here because the County "waived the defense of sovereign immunity" because it "chose to continue the occupation and utilization of the jail to house prisoners" after 1970.

Following a hearing, the trial court granted the County's jurisdictional plea and dismissed Smith's claims against the County. This appeal followed. In one issue, Smith contends that the trial court erred by dismissing his suit.

## Plea to the Jurisdiction

### A. Scope and Standard of Review

 A plea to the jurisdiction based on sovereign immunity challenges the trial court's subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004). Because subject matter jurisdiction is a question of law, we review de novo a trial court's ruling on a plea to the jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex.2007).

 The plaintiff bears the burden of alleging facts that affirmatively demonstrate that the trial court has subject matter jurisdiction over a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). When a plea to the jurisdiction challenges the sufficiency of plaintiff's pleadings to confer jurisdiction, we determine whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *See Miranda*, 133 S.W.3d at 226. We

construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend its petition. *Id.* at 227.

■ In some instances, a plea to the jurisdiction may require the court to consider evidence pertaining to jurisdictional facts. *See id.; Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000). A plea should not be granted if a fact issue is presented regarding the court's jurisdiction. *Miranda,* 133 S.W.3d at 227–28. But, if the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted. *Id.* at 228. We must take as true all evidence favorable to the plaintiff and "indulge every reasonable inference and resolve any doubts in [his] favor." *Id.*

### B. Analysis

■ Sovereign immunity protects the state against lawsuits for money damages unless the state has consented to suit. *See Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex.2008); *Miranda,* 133 S.W.3d at 224. Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the state, including counties, cities, and school districts, unless that immunity has been waived. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex.2004); *San Antonio Indep. Sch. Dist. v. McKinney,* 936 S.W.2d 279, 283 (Tex.1996).

■ The Tort Claims Act waives a governmental unit's sovereign immunity from suit to the extent that the governmental unit has liability under the act. TEX. CIV. PRAC. & REM.CODE ANN. § 101.025 (Vernon 2005); *City of Waco v. Kirwan,* 298 S.W.3d 618, 622 (Tex.2009). Section 101.061 of the act provides that immunity is not waived

for claims based on an act or omission that occurred before January 1, 1970. TEX. CIV. PRAC. & REM.CODE ANN. § 101.061 (Vernon 2005). When a party alleges waiver of immunity based on a condition or use of personal or real property, the governmental unit is entitled to immunity if it can prove that (1) the structure was completed before 1970 and (2) has remained in the same condition since that time. *Rodriguez v. County of Cameron,* No. 13–08–145–CV, 2009 WL 39091, at \*2 (Tex.App.-Corpus Christi Jan. 8, 2009, no pet.) (mem. op.); *Maxwell v. Tex. Dep't of Transp.,* 880 S.W.2d 461, 465 (Tex.App.-Austin 1994, writ denied).

Here, Smith alleges that his injuries occurred as a result of the slippery condition of the smooth concrete floor inside Tank F's shower area. The County supported its jurisdictional plea with the affidavit of Mike Henson, Commander of the Corrections Division of the Galveston County Sheriff's Department. His testimony indicated that Tank F was built in 1960 and that no modifications have been made to Tank F since its construction.

Despite Tank F's pre–1970 construction, Smith maintains that the Tort Claims Act's waiver of immunity applies. He points out that the County made a decision to continue to use the jail after 1970. Smith offered evidence to show that, in conjunction with its continued use, the County knew that the shower floor was slippery and "hazardous." Smith contends that, based on the County's continued use and awareness of the hazardous condition, the County had a duty to install a non-skid floor covering in the shower area.

■ A review of the case law indicates that Smith's contention is without merit. Courts have consistently rejected similar arguments involving structures built before 1970. *See, e.g., Maxwell,* 880 S.W.2d

at 465–66; *Barron v. Tex. Dep't of Transp.,* 880 S.W.2d 300, 302 (Tex.App.-Waco 1994, writ denied); *Chapman v. City of Houston,* 839 S.W.2d 95, 99 (Tex.App.-Houston [14th Dist.] 1992, writ denied). Texas courts have recognized that subjecting the government to liability under the Tort Claims Act for structures built before the act's enactment, and not thereafter modified, would place the government in the unfeasible position of analyzing every structure under its control to determine whether it needed to be rebuilt, redesigned, or otherwise modified to defend against liability. *See Rodriguez,* 2009 WL 39091, at *3; *Cranford v. City of Pasadena,* 917 S.W.2d 484, 488 (Tex.App.-Houston [14th Dist.] 1996, no writ). We agree with other courts that in such cases, the actionable conduct occurs when the structure is built; the failure to provide additional safety features or devices after 1970 is not an act or omission within the meaning of the Tort Claims Act. *See, e.g., Goodson v. City of Abilene,* 295 S.W.3d 692, 695 (Tex.App.-Eastland 2009, no pet.); *Maxwell,* 880 S.W.2d at 466.

Smith further asserts that the Tort Claims Act operates to waive immunity because the County "modified" the shower floor located in the jail's medical unit. As noted by the County, this was not the location of Smith's claimed injury. Smith alleges that he was injured in the Tank F shower. The record indicates that Tank F has remained unmodified since its construction in 1960. Even assuming that the placement of the non-skid flooring in the infirmary's shower is of some significance, nothing in the record indicates that such modification occurred after 1970. *See Rodriguez,* 2009 WL 39091, at *3 (noting that affidavit which averred that a modifi-

cation had been made to the structure at issue failed to show that modification was made after 1970). On this record, we conclude that section 101.061 precludes application of the Tort Claims Act to Smith's claims. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.061.

In addition, the County points to another section of the Tort Claims Act, which preserves its immunity. Section 101.056 provides that immunity is retained for discretionary decisions made by the government. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 2005).

Section 101.056's discretionary function provision is designed to "avoid judicial review or interference with those policy decisions committed to other branches of government." *See Stephen F. Austin State University v. Flynn,* 228 S.W.3d 653, 657 (Tex.2007). The provision generally preserves immunity not only for the government's public policy decisions, but also for its failure to act when no particular action is required by law. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.056; *Flynn,* 228 S.W.3d at 657.

Smith responds that the placement of non-skid flooring in Tank F's shower was a non-discretionary, ministerial act.[1] Smith asserts that, once the County placed non-skid flooring in the medical unit's shower, it had a ministerial duty to place similar flooring throughout the jail. Smith contends that installation of non-skid flooring in the Tank F shower was a maintenance activity and, as such, was ministerial. *See City of Fort Worth v. Gay,* 977 S.W.2d 814, 817 (Tex.App.-Fort Worth 1998, no pet.) ("Maintenance activities undertaken at the operational level are not discretionary

---

1. Smith does not allege that the County's placement of non-skid flooring in the Tank F shower was required by law.

functions and are not immune from liability.").

As suggested by the County, Smith's argument is flawed. Smith has pled that the County was negligent for failing to install non-skid flooring in the tank F shower. In other words, Smith has alleged that the County was negligent for failing to install a safety feature that was not part of the original building construction.

■ Installation of a safety feature that was not part of the original building design is not a maintenance activity; it is discretionary activity. *See Barron,* 880 S.W.2d at 302 (explaining that "maintenance" means that which is required to preserve a structure as it was originally designed and constructed; court determined that no evidence was presented in summary judgment proceeding to show that government had performed any maintenance after January 1, 1970 that contributed to plaintiff's injury); *Stanford v. State Dept. of Highways & Pub. Transp.,* 635 S.W.2d 581, 582 (Tex.App.-Dallas 1982, writ ref'd n.r.e.) (concluding that whether to add guardrails to overpass approach is design question, not a maintenance issue; thus, it is a discretionary function that makes decision exempt from liability). Courts have consistently held that decisions regarding the installation of safety features are discretionary determinations for which a governmental unit is immune. *See, e.g., State v. San Miguel,* 2 S.W.3d 249, 251 (Tex.1999) (holding that decision to warn of missing guardrail with barrels and signs on a roadway is a discretionary decision); *Wenzel v. City of New Braunfels,* 852 S.W.2d 97, 99–100 (Tex.App.-Austin 1993, no writ) (concluding that adding additional lighting along parade route was discretionary governmental function protected by immunity from claims based on inadequate safety precautions).

■ On point with this case, courts have held that failing to modify a pre–1970 structure to install a safety feature that was not part of the original structure is an exercise of a governmental unit's discretion for which it retains immunity. *See, e.g., Goodson,* 295 S.W.3d at 696 (holding that city retained immunity because decision whether to modify balcony railing constructed in 1959, and never thereafter modified, was discretionary decision); *Barron,* 880 S.W.2d at 302 (concluding that state agency's decision whether to rebuild original bridge, which was built in 1920s and upgraded in 1950s, was discretionary decision entitling agency to immunity from suit). Here, whether the County passively failed to install the non-skid flooring or actively chose not to install it, such act or omission was discretionary and not subject to the Tort Claims Act's waiver of immunity. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.056.

On this record, we conclude that the Tort Claims Act does not waive the County's immunity from Smith's suit. The trial court properly granted the County's plea to the jurisdiction and dismissed Smith's claims.

We overrule Smith's sole issue.

### Conclusion

We affirm the judgment of the trial court.