Opinion issued July 19, 2018



**In The**

**Court of Appeals**

**For The**

**First District of Texas**

_____

**NO. 01-17-00422-CV**

_____

**BRAZORIA DRAINAGE DISTRICT NO. 4, Appellant**

**V.**

**KASSI MATTIES, INDIVIDUALLY AND AS NEXT FRIEND OF XXXXX XXXXXXX, A MINOR, Appellees**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 91072-CV**

---

**MEMORANDUM OPINION**

In this interlocutory appeal, appellant Brazoria Drainage District No. 4 ("the

Drainage District") challenges the denial of its plea to the jurisdiction. It argues, in

part, that appellees failed to allege facts showing a valid waiver of governmental

immunity. We agree and reverse the trial court's order. We remand to offer appellees an opportunity to replead.

## Background

On behalf of herself and her minor child, appellee Kassi Matties brought this lawsuit arising out of her car's collision with a cow that was standing in the middle of the road. Matties was pregnant at the time, and she asserts that the cow, "roaming at large and unattended, caused the collision and significant permanent injuries to your Plaintiff and the subsequent premature birth of the minor Plaintiff." Matties contends that defendant George Alford owned the cow. The accident occurred on County Road 48 in Brazoria County.

Matties brings negligence claims against both George Alford and the Drainage District. In her claim against Alford, Matties alleges that the "occurrence was proximately caused by the negligence . . . of Defendant, GEORGE ALFORD."

She asserts her claim against the drainage district under Texas's Tort Claims Act. She alleges that the drainage district "created the dangerous condition and failed to adequately restrain the loose cow by failing to secure the gate that enclosed the pasture at issue." Matties further alleges that "the area where this incident occurred would be the responsibility of the Defendant, BRAZORIA DRAINAGE DISTRICT NO. 4, should an injury occur."

**Discussion**

In its sole issue, the Drainage District argues the lawsuit is barred by governmental immunity, so the trial court erred in denying its plea to the jurisdiction. We agree.

**A.      Standard of Review**

We review a trial court's ruling on a plea to the jurisdiction de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). A plea to the jurisdiction based on governmental immunity from suit is a challenge to the trial court's subject matter jurisdiction. *See City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004).

"When [as here] a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226; *see also Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) ("In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity."); *Williams v. City of Baytown*, 467 S.W.3d 566, 571 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (same).

If the pleading contains facts that do not affirmatively demonstrate, but also do not affirmatively negate, jurisdiction, we face "an issue of pleading sufficiency

3

and the plaintiff should be given an opportunity to amend the pleadings." *Kirwan*, 298 S.W.3d at 622 (quoting *Miranda*, 133 S.W.3d. at 226–27).

**B.     Applicable Law—Waiver of Immunity Under Tort Claims Act**

Governmental immunity defeats a trial court's subject-matter jurisdiction. *Rogge v. City of Richmond*, 506 S.W.3d 570, 573 (Tex. App.—Houston [1st Dist.] 2016, no pet.). It protects political subdivisions of the State from lawsuits unless the Legislature specifically waives immunity. *Id.* at 574.

The Tort Claims Act, which provides a limited waiver of immunity, applies to political subdivisions, including drainage districts like Brazoria Drainage District No. 4. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B); TEX. CIV. PRAC. & REM. CODE § 101.025; *see also Dall. Cty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 342–43 (Tex. 1998). Relevant here, section 101.021 of the Tort Claims Act provides that a governmental unit (including a drainage district) can be held liable for personal injury and death proximately caused "by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(2).

**C.     Analysis**

The parties debate whether this action constitutes a premises defect or negligent activity claim. We need not resolve that question because, under either

4

theory of liability, appellees have not alleged facts that affirmatively demonstrate the court's jurisdiction.

### 1.    Premises Defect

"When 'liability is predicated not upon the actions of the governmental unit's employees but by reference to the duty of care owed by the governmental unit to the claimant for premise and special defects as specified in section 101.022 of the . . . Tort Claims Act,'" the claim alleges a premises defect. *Rogge*, 506 S.W.3d at 575 (quoting *DeWitt v. Harris Cty*., 904 S.W.2d 650, 653 (Tex. 1995)). For premises defect claims, the Legislature linked the applicable duty to the common law. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 387 (Tex. 2016). In particular, section 101.022(a) of the Act states:

> (a) Except as provided in Subsection (c), if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

TEX. CIV. PRAC. & REM. CODE § 101.022(a).[1]

"A licensee asserting a premises-defect claim generally must show, first, that the defendant possessed—that is, owned, occupied, or controlled—the premises

---

[1]    Subsection (c) provides that if a claim "arises from a premise defect on a toll highway, road, or street, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property." TEX. CIV. PRAC. & REM. CODE § 101.022(c).

where the injury occurred." *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002) (citing *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999) (per curiam)); *see also City of Pearland v. Contreras*, No. 01-15-00345-CV, 2016 WL 358612, at *3 (Tex. App.—Houston [1st Dist.] Jan. 28, 2016, no pet.) (mem. op.) ("In a premises liability case, a plaintiff must show that the defendant had a legal duty to warn of a defective condition of the premises or otherwise make them safe. To impose a legal duty on a governmental defendant, the plaintiff must show that the governmental unit owned, occupied or controlled the premises where the accident occurred." (internal citation omitted)).

Thus, a plaintiff must show that a governmental unit "assumed sufficient control over the part of the premises that presented the alleged danger so that the defendant had the responsibility to remedy it." *Brown*, 80 S.W.3d at 556. Additionally, to prevail on a premises defect claim, a plaintiff must prove that (1) the owner had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (4) the owner's failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused the plaintiff's injuries. *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (per curiam).

Here, appellees do not assert that the Drainage District owned, occupied, or controlled the premises that presented the alleged danger (i.e. the unsecured gate) such that the drainage district had a legal duty to warn or otherwise make the premises safe. *See Brown*, 80 S.W.3d at 554. Similarly, they do not assert any facts demonstrating that the drainage district had actual knowledge of the alleged dangerous condition. To the extent that appellees assert a premises defect claim, they have failed to allege facts supporting a waiver of governmental immunity. *See Brown*, 80 S.W.3d at 554; *Contreras*, 2016 WL 358612, at *3–4.

## 2. Condition or Use of Tangible Personal Property

If we instead view appellees' claim as one for negligent activity (use of property), appellees have similarly failed to allege facts demonstrating the court's jurisdiction.

"[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury . . . ." *Rogge*, 506 S.W.3d at 575 (alteration in original) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)). "Use" has been defined to mean "to put or bring into action or service; to employ for or apply to a given purpose." *Id*. at 576 (quoting *Sampson*, 500 S.W.3d at 388). "[T]o state a 'use' of tangible personal property claim under the Tort Claims Act, the injury must be contemporaneous with

7

the use of the tangible personal property—'[u]sing that property must have actually caused the injury.'" *Id.* (quoting *Sampson*, 500 S.W.3d at 388).

Importantly, the Tort Claims Act waives immunity for a "use of personal property" only when the governmental unit is itself the user. *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245–46 (Tex. 2004). A governmental unit does not "use" personal property merely by allowing someone else to use it. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 97 (Tex. 2012); *see also Cowan*, 128 S.W.3d at 246 ("[T]he Hospital's immunity can be waived only for its own use of Cowan's walker and suspenders, and not by Cowan[']s use of them.").

Here, the alleged "use" is a failure to secure a gate. But appellees do not plead facts supporting an allegation that the district itself, rather than anyone else, left the gate unsecured.[2] *See Black*, 392 S.W.3d at 97 (section 101.021(2) waives immunity

---

[2]  Appellees do not say how the district may have used the gate. They allege no facts suggesting that the district did anything in particular to the gate. They also do not say whether the district owned or controlled the gate, or if the district was in any way responsible for the gate. Conclusory allegations are insufficient under Texas law. *See, e.g.*, *Wharton Cty. v. Genzer*, No. 13-06-078-CV, 2007 WL 4442445, at *3 (Tex. App.—Corpus Christi Dec. 20, 2007, no pet.) (mem. op.) ("'When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause.' This inquiry becomes meaningless, though, if a pleader must only assert pleadings comprised of vague, conclusory statements to establish jurisdiction" (citation omitted)). *See also Bernhard v. City of Aransas Pass*, No. 13-13-00354-CV, 2014 WL 3541677, at *5 (Tex. App.—Corpus Christi July 17, 2014, no pet.) (mem. op.); *City of El Paso v. Collins*, 440 S.W.3d 879, 886–87 (Tex. App.—El Paso 2013, no pet.) (although pleadings alleged "that the [swimming-pool] drain, drain cover, and filtration system are defective, they have not included any *factual* allegation that [injured child] nearly drowned because she became entangled or trapped in the drain

8

for claims involving the use of tangible personal property "only when the governmental unit itself uses the property"); *Cowan*, 128 S.W.3d at 245–46; *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 529 S.W.3d 177, 185 (Tex. App.—Houston [14th Dist.] 2017, pet. filed) (to properly state claim waiving governmental immunity, plaintiff must allege property was used or misused by government employee) (citing *Lacy v. Rusk State Hosp.*, 31 S.W.3d 625, 629 (Tex. App.—Tyler 2000, no pet.)); *see also Miranda*, 133 S.W.3d at 238 ("The plaintiff must plead facts that, if true, would establish that the claims come within an express waiver of sovereign immunity . . . ."). Appellees similarly fail to plead facts demonstrating when anyone allegedly failed to secure the gate and whether that failure was contemporaneous with appellees' injury. *See Rogge*, 506 S.W.3d at 576–77 (to state a "use" of tangible personal property claim under the Tort Claims Act, the injury must be contemporaneous with the use of the tangible personal property).

Because appellees do not plead facts showing that the district "used" the gate in a way that would lead to a waiver of immunity, appellees' pleading is insufficient under Texas law. *See Black*, 392 S.W.3d at 95; *Miranda*, 133 S.W.3d at 238; *Rogge*, 506 S.W.3d at 576–77; *McKenzie*, 529 S.W.3d at 185; *Lacy*, 31 S.W.3d at 629.

---

or filtration system or that rescue was delayed because the cloudy water prohibited caretakers from observing what had occurred" (emphasis in original)).

\*                    \*                    \*

Because appellees have failed to allege facts that would establish a waiver of immunity, the trial court erred by denying the district's plea to the jurisdiction. We thus reverse. We remand, however, to offer appellees an opportunity to replead.

Although the pleadings do not establish jurisdiction, when construed in appellees' favor, they also do not affirmatively negate jurisdiction. The drainage district has not eliminated the possibility that appellees could, if allowed to replead, affirmatively demonstrate jurisdiction. *See Smith v. Galveston Cty.*, 326 S.W.3d 695, 698 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Accordingly, we remand for the trial court to afford appellees a reasonable opportunity to amend their pleadings. *See Kirwan*, 298 S.W.3d at 622; *Smith*, 326 S.W.3d at 698; *City of Freeport v. Briarwood Holdings, L.L.C.*, No. 01-11-01108-CV, 2013 WL 1136576, at \*5 (Tex. App.—Houston [1st Dist.] Mar. 19, 2013, no pet.) (mem. op.) (where pleadings did not affirmatively demonstrate or negate jurisdiction, appellate court was required to remand to allow plaintiff reasonable opportunity to amend to allege facts that would support waiver of sovereign immunity).

## Conclusion

We reverse the trial court's order and remand for further proceedings consistent with this opinion.

Jennifer Caughey
Justice

Panel consists of Justices Bland, Lloyd, and Caughey.