**Esteline Aleta McVICKER, Appellant,**

v.

**JOHNSON COUNTY, Texas, Appellee.**

No. 5861.

Court of Civil Appeals of Texas, Waco.

Jan. 26, 1978.

Rehearing Denied Feb. 23, 1978.

Lowell E. Dushman, Jack Friedman, Dushman, Greenspan & Friedman, Fort Worth, for appellant.

Dan M. Boulware, County Atty., Jack C. Altaras, Altaras, Altaras & Pritchard, Cleburne, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff McVicker from summary judgment she take nothing in a suit against Johnson County under the Texas Tort Claims Act (Article 6252–19 VATS), for the death of her husband and her personal injuries.

Plaintiff alleged that on June 10, 1975 at 5:10 A.M. she and her husband were driving their pickup truck west on County Road 705, just east of its intersection with the head of Buffalo Creek, in Johnson County, when the vehicle was swept off the crossing and propelled downstream by flooding

waters of Buffalo Creek, causing injury to plaintiff and drowning her husband. Plaintiff alleged the crossing was hazardous and unsafe during periods of rainfall in the area; that the road would flood during such periods; and that defendant's agents and employees knew of such. Plaintiff further alleged Johnson County through its officers and employees negligent in a number of particulars proximately causing her injuries, including: 1) Failing to provide a flood gauge at the crossing so that users could determine if the crossing was hazardous; and 2) Failing to install a warning sign or device at the crossing to warn of its dangerous condition.

Defendant answered by general denial; plead plaintiff and decedent were well acquainted with the road; assumed the risk by traveling the road when it was covered with water for several hundred feet; and that the condition of the road at the time of the occurrence was open and obvious.

Defendant thereafter moved for summary judgment, which the trial court granted, and rendered judgment plaintiff take nothing.

Plaintiff appeals contending "the trial court erred in granting defendant's motion for summary judgment".

The Texas Tort Claims Act provides in part:

Sec. 3. "Each unit of government in this State shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office * * * or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this State. Such liability is subject to the exceptions contained herein, and shall not extend to punitive or exemplary damages".

Sec. 18(b). "As to premise defects, the unit of government shall owe to any claim-

ant only the duty owed by private persons to a licensee on private property, unless payment has been made by the claimant for use of the premises * * *".

The duty owed by licensor to a licensee on private property is not to injure him by willful, wanton or gross negligence. An exception to such rule is that when the licensor has knowledge of a dangerous condition, and the licensee does not, a duty is owed on the part of the licensor to either warn the licensee or to make the condition reasonably safe. State v. Tennison, Tex., 509 S.W.2d 560; Sutton v. State Highway Dept., Tex.Civ.App. (Waco) NRE, 549 S.W.2d 59.

The record on summary judgment here consists of the pleadings, affidavits, motion for summary judgment, opposition to summary judgment, deposition of the plaintiff and 11 officers or employees of Johnson County.

Plaintiff plead a cause of action based on a "premises defect". The depositions of employees of defendant reflect that some of them had knowledge of the dangerous condition existing on Road 705 at the Buffalo Creek crossing. The record on summary judgment does not conclusively show plaintiff or decedent had knowledge of the dangerous condition prior to the accident, or that the condition was open and obvious to them at the time they started to drive across.

Summary judgment should not be granted, and if granted should be affirmed only if the summary judgment proof establishes a right thereto as a matter of law. Gibbs v. General Motors Corp., Tex., 450 S.W.2d 827. All burdens are on the moving party. Swilley v. Hughes, Tex., 488 S.W.2d 64. The party opposing the motion for summary judgment is not required to establish his right to prevail. Glenn v. Prestegord, Tex., 456 S.W.2d 901; Watts v. Everett, Tex.Civ. App. (Waco) NWH, 543 S.W.2d 14.

A jury could well have concluded from plaintiff's deposition that she and her husband had knowledge of the dangerous condition, but such does not establish this as a matter of law.

Plaintiff's contention is sustained.

REVERSED and REMANDED.