The STATE of Texas et al., Appellants,

v.

Kirby NICHOLS, Appellee.

No. 6215.

Court of Civil Appeals of Texas, Waco.

Oct. 23, 1980.

Rehearing Denied Dec. 4, 1980.

Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Watson C. Arnold, Asst. Atty. Gen., Chief, Highway Division, Harold G. Kennedy, Asst. Atty. Gen., Austin, for appellants.

John O'Quinn, Ernest H. Cannon, Simone Leavenworth, Murphrey, O'Quinn & Cannon, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by the State of Texas and the Texas Department of Public Safety, defendants, from $100,000.00 judgment rendered against them in favor of plaintiff Kirby Nichols, in a negligence action under the Texas Tort Claims Act.

Plaintiff Nichols sued the State, the Department of Public Safety and the State Department of Highways and Public Transportation[1], alleging he sustained injury on April 29, 1976 while traveling on Highway 542 near Oakwood in Leon County; that he hit a defective condition in the roadway; that the incident made basis of suit was caused from some condition or use of tangible property under circumstances where the unit of government if a private person would be liable to plaintiff; that the DPS had knowledge of the defective condition or should have discovered same; that such was negligence, and a proximate cause of his injuries totalling $268,000.00.

Defendants by answer denied knowledge of the defective condition of the highway; plead plaintiff was negligent in the operation of his automobile; and plead liability under the Act is limited to $100,000.00.

Trial was to a jury which found:

1) The DPS should have discovered a defective condition in the highway at the place the road washed out.

2) The DPS had knowledge of a defective condition in the roadway at the place the road washed out.

3) The failure of the DPS to warn motorists on the roadway of such defective condition was negligence.

4) Such negligence was a proximate cause of the occurrence.

5) The failure of the DPS to notify the Department of Highways of such defective condition was negligence.

6) Such negligence was a proximate cause of the occurrence.

7) The DPS failed to make such an investigation of the place where the road was washed out as a person using ordinary care would have made under the same or similar circumstances.

8) Such negligence was a proximate cause of the occurrence.

14) Plaintiff was damaged:

    a) $12,015.00 pain and mental anguish.

    b) $30,000.00 future pain and mental anguish.

    c) $5,000.00 loss of earnings.

    d) $75,000.00 future loss of earnings.

    e) $8,000.00 physical impairment.

    f) $7,000.00 future physical impairment.

15) $2,500.00 hospital and medical expenses.

16) $10,500.00 future medical expenses.

The trial court rendered judgment for plaintiff against defendants State of Texas and the Texas Department of Public Safety for $100,000.00.[2]

---

1. The State Department of Highways and Public Transportation was acquitted on any act of negligence by the jury; take-nothing judgment was rendered as to it; and no appeal was taken from such portion of the judgment.

2. $100,000.00 is the limit of liability under the Texas Tort Claims Act.

Defendants State and DPS appeal on 10 points presenting 6 main contentions.

Contention 1 asserts there is no evidence at the time and place of the occurrence the DPS was the occupier of the premises involved.

Contention 2 asserts there is no evidence at the time and on the occurrence the DPS troopers whose actions are questioned were acting within the course and scope of their employment.

Plaintiff was severely injured at 5:30 A.M. on April 29, 1976, when his automobile ran into a "washout" or caved-in portion of State Highway 542, three to five feet wide, three to four feet deep, and extending across the entire highway. Two hours earlier two DPS officers driving a DPS vehicle ran into a hole the jury found to be the same washout. The force of their collision blew out a tire, bent a wheel and broke a spring on the vehicle. The officers changed the tire and wheel and drove on to their homes. They did not remain at the scene and direct traffic, performed but little investigation of the nature or extent of the condition which caused their collision, and did not notify the highway maintenance people to take corrective action.

The DPS officers had been to an official meeting at a lakehouse out on Highway 542 on April 28. The meeting lasted until about 4 P.M. and was followed by a meal. Following the meal some of the officers played cards and socialized. Some left between 9 and 12 P.M.; officers Dobbs and Bennett left between 2:30 and 3 A.M. It was raining very hard and water was over the road boot top high. The officers were in DPS vehicles which they kept at their homes. Five DPS officers or their supervisors testified a DPS officer had a duty to notify the highway maintenance people of dangerous conditions encountered, and to direct traffic until someone arrived to erect warning barricades. And Title 37 of the Texas Administrative Code, Section 3.41(a)–1 authorizes highway troopers to direct traffic whenever hazards make use of the highways dangerous or difficult.

Article 6252-19 Sec. 3 VATS provides that the State shall be liable for personal injuries to the extent of $100,000.00 for personal injuries caused by negligence of an employee acting within the scope of his employment or office when such injuries are caused by some condition or use of tangible property, real or personal. Section 13 of the Act expressly requires that it "Shall be liberally construed".

The huge washout or caved-in hole plaintiff collided with is a special defect. Plaintiff's injuries arise from some condition or use of real property and Section 3 gives him a right to recovery. *County of Harris v. Eaton*, Tex., 573 S.W.2d 177; *State v. McBride*, Tex.Civ.App. (Waco) 601 S.W.2d 552; *State v. Tennison*, Tex., 509 S.W.2d 560; *Sutton v. State Highway Dept.*, Tex.Civ.App. (Waco) NRE, 549 S.W.2d 59; *McVicker v. Johnson County*, Tex.Civ.App. (Waco) NRE, 561 S.W.2d 610; *Flores v. Norton & Ramsey Lines, Inc.*, W.D.Texas, 352 F.Supp. 150.

The DPS officers were returning from the place where they had attended an official DPS function which they were required to attend. They were required to take their automobiles home to protect them from being stolen or vandalized, and to have them available for use if they received an emergency call. The scope of employment of a DPS officer is not limited to shift hours. They have a duty to take appropriate action whenever the circumstances warrant.

The circumstances of the trip were such that these officers were in the scope of their employment during the entire trip; and defendants had such right of control of the highway that they may be held liable.

Contentions 3, 4, 5 and 6 assert there is no evidence to support the submission of issues 1, 2, 7 and 8.

As noted, Issue 1 found the DPS should have discovered the defective condition in the highway; Issue 2 found the DPS had knowledge of the defective condition; Issue 7 found the DPS failed to make proper investigation of the place where the road

washed out; and Issue 8 found that such negligence was a proximate cause of the occurrence wherein plaintiff was injured.

■ Under the above contentions defendants assert there is no evidence that officers Dobbs and Bennett hit a washout and not a fence post or other debris; and that there is no evidence that what they hit was at the same place that plaintiff hit the washout.

Officer Bennett testified they hit something in the road like a hump and he thought it was a fence post because the car went up instead of down; that he had no idea what he hit; it could have been debris, post or chughole. He testified after they changed the tire he made a short walk behind the car and could not find what they had struck. Defendant admitted in answer to Interrogatories which were read into evidence that the DPS officer hit a "chughole" in the road.

Officer Dobbs testified the dangerous condition he struck was at a place several miles from the one plaintiff struck; but in his deposition he stated the hole he struck was on Highway 542 a little ways north of its intersection with FM 3178. This is where plaintiff had his collision.

Other evidence is to the effect that there was only one condition on Highway 542 which could have caused the damages sustained by the DPS vehicle and by plaintiff; and that was the washout of Highway 542 about a mile north of FM 3178, which was where plaintiff was injured.

There is evidence to support the submission and findings of Issues 1, 2, 7 and 8.

All defendants' points and contentions have been considered and are overruled.

AFFIRMED.