**Patsy Ruth GRAHAM and Willis Graham, Appellants,**

v.

**TYLER COUNTY, Appellee.**

**No. 09–97–073CV.**

Court of Appeals of Texas, Beaumont.

Submitted on Dec. 3, 1998.

Decided Dec. 31, 1998.

---

Jerry A. Pusch, Pusch, Lowery & Gilcrease, Houston, for appellant.

Todd L. Kassaw, Robert T. Cain, Jr., Zeleskey, Cornelius, Hallmark, Roper & Hicks, Lufkin, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

Patsy and Willis Graham brought suit against Tyler County (the County) pursuant to TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 1997 and Supp. 1999), commonly known as the Texas Tort Claims Act ("the Act"). They alleged a defect in a county road caused injury to Patsy. Based on a jury finding of no negligence, the trial court entered a take nothing judgment in favor of the County. The Grahams bring one issue on appeal complaining of jury charge error.

The standard of review for an alleged error in the jury charge is abuse of discretion. *Texas Dept. of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990). An abuse of discretion occurs when the trial court acts without reference to any guiding principal. *Id.* If we find an error in the charge, we then review the pleadings, evidence, and entire charge to determine if the error is harmful. *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986). To reverse a judgment based on error in the charge, an appellant must establish the error was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. TEX.R.APP. P. 81(b)(1)(now TEX.R.APP. P. 44.1(a)); *Autry v. Dearman,* 933 S.W.2d 182, 188 (Tex.App.—Houston [14th Dist.] 1996, writ denied).

In their sole issue, the Grahams allege the trial court erred in instructing the jury that the County could be held negligent "only if the county had actual knowledge of the danger." The Grahams argue that because this is a special defect case, the jury should have been instructed that the County could be negligent if it knew or should have

known of the danger. The County argues the trial court gave the correct jury charge, but erred in finding that this is a special defect case. It urges that because this is a premises liability case, the County's duty is the same as that which a private landowner owes a licensee—the duty to use ordinary care either to warn the licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *State Dept. of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex. 1992)(op. on reh'g).

■ If the road condition in question is a special defect, as the trial court found, the County owes the Grahams the same duty to warn that a private landowner owes an invitee.[1] *Payne,* 838 S.W.2d at 237; *County of Harris v. Eaton,* 573 S.W.2d 177, 180 (Tex. 1978). The resulting duty includes the use of ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the governmental entity was or reasonably should have been aware. *City of Grapevine v. Roberts,* 946 S.W.2d 841, 843 (Tex.1997).

■ Whether a condition is a premises or special defect is a question of duty involving statutory interpretation and, thus, is an issue of law for the court to decide. *Payne,* 838 S.W.2d at 238. Special defects include excavations or obstructions on highways, roads, or streets. TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b); *Payne,* 838 S.W.2d at 238. Courts have generally characterized special defects as unexpected and unusual dangers to ordinary users of the roadway. *Payne,* 838 S.W.2d at 238; *Harris County v. Smoker,* 934 S.W.2d 714, 718 (Tex.App.— Houston [1st Dist.] 1996, writ denied). "A special defect. is distinguished by some unusual quality outside the ordinary course of events, and a longstanding, routine, or permanent condition is not a special defect."

*Smoker,* 934 S.W.2d at 718–19. In making this determination, courts often consider the size of the defect. *See Eaton,* 573 S.W.2d at 179.

The San Antonio court of appeals summarized cases where Texas courts have found the existence of special defects:

*See, e.g., Eaton,* 573 S.W.2d at 178–79 (oval-shaped hole 6 to 10 inches deep extending across 90 percent of roadway, which caused car travelling at 35 miles per hour to flip over); *Smoker,* 934 S.W.2d at 719 (uncovered storm sewer hole located on part of street where pedestrian would normally walk); *Roberts v. City of Grapevine,* 923 S.W.2d 169, 171 (Tex.App.—Fort Worth 1996, writ requested) (stairway in state of disrepair resulting in injury to pedestrian who stepped into hole while attempting to ascend stairs); *Morse v. State,* 905 S.W.2d 470, 475 (Tex.App.— Beaumont 1995, writ denied) (10 to 12 inch deep drop-off on shoulder of road caused driver to lose control of vehicle); *Stambaugh v. City of White Oak,* 894 S.W.2d 818, 820 (Tex.App.—Tyler 1994, no writ) (caved-in portion of road 15 feet wide and 10 feet long); *State v. Nichols,* 609 S.W.2d 571, 573 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.)(caved-in portion of highway 3 to 4 feet deep extending across entire highway); *State v. McBride,* 601 S.W.2d 552, 558 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.)(slick, muddy excavation of highway so severe that car traveling at less than 35 miles per hour spun out of control); *Miranda v. State,* 591 S.W.2d 568, 569 (Tex.Civ.App.—El Paso 1979, no writ)(flood water 2 feet deep across highway); *Andrews v. City of Dallas,* 580 S.W.2d 908, 909–11 (Tex.Civ.App.—Eastland 1979, no writ)(base of traffic signal extending 26 inches above street level and 6 inches from roadway); *City of Houston*

---

1. 101.022. Duty Owed: Premise and Special Defects

(a) If a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises.

(b) The limitation of duty in this section does not apply to the duty to warn of special defects

such as excavations or obstructions on highways, roads, or streets or to the duty to warn of the absence, condition, or malfunction of traffic signs, signals, or warning devices as is required by Section 101.060.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.022 (Vernon 1997).

*v. Jean,* 517 S.W.2d 596, 598–99 (Tex.Civ. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.)(ditch 4 feet from unmarked dead end of street at poorly lighted "T" intersection).

*Stokes v. City of San Antonio,* 945 S.W.2d 324, 327 (Tex.App.—San Antonio 1997, no writ).

In the present case, the record reveals that Patsy, while driving on a rural county road late one evening, hit a "washout" and was injured. It had rained hard the night before the accident. Patsy testified the hole was so deep that it stopped the back wheels of her vehicle and jarred her. The jolt caused her to hit her head, shoulder, and arm. Eventually, she was able to ease her car out of the hole. Patsy then sought medical treatment. Her husband, Willis Graham, inspected the hole the day after the accident. He discovered a "pretty deep washout, pretty wide." Tommy Turner, another traveler on the same road earlier the day of Patsy's accident, testified he damaged his jeep on the road when he hit a washout so deep that it stopped the jeep in its tracks. Patsy's neighbor, Gerri Allen, observed the road conditions the day of the accident and testified that she was driving a Dodge Ram Charger that day and decided that the washout on the road was too deep to drive through.

■ The trial court correctly found that this is a special defect case. A pothole or washout large enough to stop vehicles in their tracks and cause damage and injury constitutes unexpected and unusual dangers to ordinary users of the roadway. *See Eaton,* 573 S.W.2d at 179. Because this is a special defect case, the trial court should have sustained the Grahams' objections to the jury charge concerning actual knowledge.[2] The burden of proof in this case consists of the Grahams' having to prove what the County "knew or reasonably should have known," as opposed to only what the County actually knew. *State v. Williams,* 940 S.W.2d 583, 584–85 (Tex.1996). Using the wrong legal standard when determining liability constitutes error that certainly would

cause rendition of an improper judgment. Tex.R.App. P. 81(b)(1); *see Dabney v. Wexler–McCoy, Inc.,* 953 S.W.2d 533, 536 (Tex. App.—Texarkana 1997, writ denied). Consequently, we sustain the Grahams' sole issue on appeal and remand this case for a new trial in accordance with this opinion.

REVERSED AND REMANDED.

---

**2.** At the time of the charge conference, the law was unsettled. It was only after the trial that our

Supreme Court clarified the correct standard.