## TEXAS DEPARTMENT OF TRANSPORTATION,
### Appellant,

v.

## Curtis Tommy PHILLIPS and Misty Phillips individually and as next friend of their minor children, Appellees.

### No. 09–04–069 CV.

Court of Appeals of Texas, Beaumont.

Submitted on Sept. 23, 2004.

Decided Nov. 18, 2004.

Gregg Abbott, Atty. Gen., Barry R. McBee, First Asst. Atty. Gen., Edward D. Burbach, Deputy Atty. Gen., Grady Click, Jack F. Gilbert, Susan Desmarais Bonnen, Asst. Attys Gen., Austin, for appellant.

B. Thomas McElroy, Johnson & McElroy, LLP, Dallas, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Appellees, Curtis Tommy Phillips and Misty Phillips, individually and on behalf

of their minor children, sued the Texas Department of Transportation ("TxDOT") regarding injuries Curtis Tommy Phillips received in a motor vehicle accident. The trial court denied TxDOT's plea to the jurisdiction, and TxDOT appeals, claiming the sovereign immunity doctrine bars appellees' claims. We agree and therefore will reverse the trial court's decision and dismiss the appellees' claims for want of jurisdiction.

 Phillips's truck was struck from behind as he was making a left turn at a crossover on Highway 59 in Liberty County, Texas. As there was no left turn lane, Phillips was turning from the inside traffic lane. Phillips maintains a special defect existed where his accident occurred and that the State has no immunity for special defect claims. He contends the State had a duty either to eliminate the defect by constructing a left turn lane where his accident occurred or to give adequate warning of the danger by providing a warning sign on the left side of the left lane well in advance of the crossover. In addition to other design and safety feature allegations, Phillips also asserts TxDOT negligently failed to lower the speed limit for traffic approaching the crossover and to reasonably provide for the safety of those in vehicles exiting the highway at the crossover.

 Phillips is correct that the State's immunity is waived regarding its duty to warn of special defects. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.060(c)(Vernon 1997). But the absences of a turn lane and safety devices such as warning signs or signals are not special defects. Special defects are conditions such as excavations or obstructions that unexpectedly and physically impair a vehicle's ability to travel on the roadway and present unusual or unexpected dangers to ordinary drivers. *See State Dep't of Highways & Pub.*

*Transp. v. Payne,* 838 S.W.2d 235, 238 (Tex.1992) (op. on reh'g); *see also State v. Rodriguez,* 985 S.W.2d 83, 85 (Tex.1999); TEX. CIV. PRAC. & REM.CODE ANN. § 101.060(c). Special defects are distinguished by unusual qualities and are "outside the ordinary course of events." *Graham v. Tyler County,* 983 S.W.2d 882, 884 (Tex.App.-Beaumont 1998, no pet.) (quoting *Harris County v. Smoker,* 934 S.W.2d 714, 718 (Tex.App.-Houston [1st Dist.] 1996, writ denied)). Conditions that are "longstanding, routine, or permanent" are not special defects. *Id.* Here, the lack of a left turn lane is a condition that is "longstanding, routine, or permanent," and as such is not a special defect that would trigger the Texas Tort Claims Act's waiver of sovereign immunity. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.025(b), 101.060(c) (Vernon 1997).

 The State retains its immunity for claims based on its discretionary acts and omissions. *Texas Dep't of Transp. v. Garza,* 70 S.W.3d 802, 806 (Tex.2002); TEX. CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 1997). According to both case law and statutory authority, the design of roadways as well as the initial installation of safety features, such as signs or signals, are discretionary functions, and the State cannot be liable for such design or safety considerations. *See, e.g., State v. Miguel,* 2 S.W.3d 249, 250–51 (Tex.1999); *Rodriguez,* 985 S.W.2d at 85; TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.056, 101.060(a)(1) (Vernon 1997). Further, TxDOT retains immunity regarding its decisions on speed limits as such clearly are discretionary acts. *See* TEX. CIV. PRAC. & REM.CODE § 101.056 (Vernon 1997). TxDOT also retains immunity for Phillips's general allegation that TxDOT failed to make the location safer. "The State preserves its immunity for formulating policy because it is a discretionary act. Decisions about

highway design and about what type of safety features to install are discretionary policy decisions. A court should not second-guess a governmental unit's decision about the type of marker or safety device that is the most appropriate." *Miguel*, 2 S.W.3d at 251 (citations omitted).

We sustain TxDOT's first issue contending it has sovereign immunity, and need not consider its second issue. We find the trial court erred in denying TxDOT's plea to the jurisdiction. The trial court's ruling is reversed, and judgment is rendered dismissing the case for lack of jurisdiction.

DISMISSED FOR WANT OF JURISDICTION.