**Opinion issued May 1, 2014**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-11-00318-CV

_____

**THE CITY OF HOUSTON, Appellant**

**V.**

**EDMUND L. COGBURN, Appellee**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-47056**

---

**MEMORANDUM OPINION ON REHEARING**

In this personal injury case, the City of Houston appealed the trial court's

denial of its plea to the jurisdiction based on governmental immunity. *See* TEX.

CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2013). On original

submission, we affirmed the trial court's order on the basis that appellee Edmund

L. Cogburn had sufficiently pleaded a special defect. The City has moved for rehearing. We requested a response, and although we granted Cogburn's request for an extension of time to file his response, Cogburn failed to respond.

We grant the City's motion, withdraw our opinion and judgment of March 19, 2013, reverse the trial court's order denying the City's plea to the jurisdiction, and render judgment granting the plea and dismissing Cogburn's claims against the City for want of jurisdiction.

## Background

Cogburn sued the City over injuries he sustained when he tripped and fell against a city-owned parking meter. The following factual allegations relevant to Cogburn's claim are taken from his First Amended Original Petition, which he filed on January 9, 2011.

> On January 31, 2009, Mr. Cogburn and his wife parked their car at a city parking meter on the South side of the 1200 block of Ewing Street, Houston, Texas. Mr. Cogburn deposited the required sum of money in the city owned and operated parking meter and station. Upon returning to their car Mr. Cogburn tripped and fell at the parking meter on exposed roots and other corruption excavated at the site of the parking meter. He sustained a broken femur and knee damage. Since then, he has undergone surgeries, extended hospitalization and rehabilitation. He will never recover totally from his injuries.

> The parking meter site was under the ownership and/or control of the defendant city and presented an unreasonable risk of harm, which was known and/or should have been known by defendant city.

2

The defendants owed Mr. Cogburn, a business invitee, and others the duty to use ordinary care to ensure that the premises did not present a danger [to] its invitees, including the duty to inspect, warn and or cure. The defendants breached their duties by failing to inspect, warn or to cure the defect. Defendants were negligent.

On February 16, 2011, the City filed a plea to the jurisdiction, asserting governmental immunity. In it, the City argued that immunity was not waived because Cogburn's injury occurred when he tripped over exposed tree roots, which are a naturally occurring condition that was open and obvious.

The City attached evidence to its plea to the jurisdiction. Exhibit 1 was Cogburn's sworn interrogatory responses. One interrogatory asked Cogburn to "[p]lease state briefly how this incident occurred." Cogburn's sworn response stated:

> On January 31, 2009, I was returning to my car, accompanied by my wife Marilyn, which was parked at a metered parking space for which I had paid on the North side of the 1200 block of Ewing Street in Houston. When I approached my metered parking space I tripped on some exposed roots and fell into the parking meter. I broke my right femur and was taken by ambulance to Saint Luke's Episcopal Hospital.

The City also attached six affidavits from various city employees regarding the tree roots at the site where Cogburn was injured. One of the affiants, Victor Cordova, averred that, because of the nature of the soil and level of precipitation in Houston, tree roots naturally move to the surface to obtain air, water, and nutrients. In sum,

3

Cordova averred that tree roots "coming to the surface is naturally occurring in Houston due to our climate and soil."

In response, on March 11, 2011, Cogburn filed a supplement to his First Amended Original Petition. This pleading alleged that the area in which Cogburn tripped contained not only "exposed roots," "corruption," and an excavated area, but also "pipes and other hazards."

> The parking space and meter where plaintiff parked his car was only accessible by crossing an area of excavation and exposed roots and pipes and other hazards from the curb to the sidewalk. Indeed the parking meter itself is set in the excavated area and exposed roots. The only lawful means of accessing the parking meter is for a person to walk (not levitate) on the area of exposed roots. Indeed, the payment side of the meter faces the sidewalk away from the street, and one must stand on the hazardous roots and be exposed to the protruding obstructions in order to feed the meter. Otherwise parking patrons would have to illegally jaywalk in the street, but then would have to walk across and stand on the roots to pay the meter. When plaintiff tripped and fell, his leg fell against the parking meter and it was the parking meter iron post which broke his fall and broke his leg. The defendants knew of the hazards but chose to ignore them Moreover, the defendants knew that in order to park at the meter, pay the meter, and return to the car that a patron such as plaintiff would have to cross the hazardous area which was almost like an obstacle course.

> At the time that plaintiff was injured the entire area was covered with leaves and debris and the exposed roots were not open and obvious nor were they readily apparent or even visible to a reasonably prudent person.

> The parking space, meter and area of access all constitute the premises which is used in order to park and for which the City charged.

4

On the day he filed this supplemental petition, Cogburn also filed a response to the plea to the jurisdiction. In it, he argued that the factual allegations in his petition and its supplement, together, were sufficient to establish jurisdiction. Cogburn's response to the City's plea complained that the City was improperly attempting to use the plea to the jurisdiction to obtain summary judgment on his premises defect claim. Notably, Cogburn failed to adduce any evidence in response to the City's plea. The trial court denied the plea. The City appealed.

## Discussion

### A.    Plea to the Jurisdiction

A plea to the jurisdiction based on governmental immunity[1] is a challenge to the trial court's subject matter jurisdiction. *See City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether the trial court has subject matter jurisdiction is a question of law. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). We therefore review a trial court's ruling on a plea to the jurisdiction de novo. *Id.*

---

[1]    Sovereign immunity generally protects the state against lawsuits for money damages; governmental immunity provides protection to subdivisions of the state, including cities. *Smith v. Galveston Cnty.*, 326 S.W.3d 695, 698 (Tex. App.— Houston [1st Dist.] 2010, no pet.) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) and *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)).

When a plea to the jurisdiction challenges the sufficiency of a plaintiff's jurisdictional pleadings, we must determine whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction. *See Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.*; *Smith v. Galveston Cnty.*, 326 S.W.3d 695, 697–98 (Tex. App.—Houston [1st Dist.] 2010, no pet.). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend its petition." *Smith*, 326 S.W.3d at 698 (citing *Miranda*, 133 S.W.3d at 226). If the pleadings neither affirmatively demonstrate nor negate jurisdiction, "it is an issue of pleading sufficiency and the plaintiff should be given an opportunity to amend the pleadings." *Kirwan*, 298 S.W.3d at 622 (citing *Miranda*, 133 S.W.3d. at 226–27).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we "'consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised,' even where those facts may implicate the merits of the cause of action." *Id.* (quoting *Miranda*, 133 S.W.3d. at 227). The plea to the jurisdiction standard mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228; *Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736, 744 (Tex. App.—Houston [1st Dist.] 2010, no pet.). When reviewing the evidence, we must "'take as true all evidence favorable

6

to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *Kirwan*, 298 S.W.3d at 622 (quoting *Miranda*, 133 S.W.3d. at 228). If the evidence creates a fact issue as to the jurisdictional issue, then the fact-finder will decide that issue. *Id.* (citing *Miranda*, 133 S.W.3d. at 227–28). "'However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.'" *Id.* (quoting *Miranda*, 133 S.W.3d. at 228).

**B.  Premises Liability**

Under the Texas Tort Claims Act (TTCA), the government waives immunity from suit to the extent of liability under the Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.025 (West 2011); *Kirwan*, 298 S.W.3d at 622. Governmental entities are liable under the TTCA for "personal injury . . . caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011)).

The TTCA provides that "if a claim arises from a premises defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises," in which case the duty owed is that owed to an invitee. *See* TEX. CIV. PRAC. & REM. CODE ANN. §101.022(a) (West 2011); *Tex. S. Univ. v. Gilford*, 277

7

S.W.3d 65, 69–70 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (citing *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)). But regardless of whether a claimant is an invitee or licensee, the first element of a premise defect claim requires that the complained-of premises condition create an unreasonable risk of harm. *Payne*, 838 S.W.2d at 237; *City of Dallas v. Giraldo*, 262 S.W.3d 864, 869 (Tex. App.—Dallas 2008, no pet.).

Texas courts have consistently held that, as a matter of law, naturally occurring conditions that are open and obvious do not create an unreasonable risk of harm for purposes of premises liability. *See Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412–14 (Tex. 2010) (naturally occurring ice does not pose an unreasonable risk of harm); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 676 (Tex. 2004) ("Ordinary mud that accumulates naturally on an outdoor concrete slab without the assistance or involvement of unnatural contact is, in normal circumstances, nothing more than dirt in its natural state and, therefore, is not a condition posing an unreasonable risk of harm."); *Johnson Cnty. Sheriff's Posse, Inc. v. Endsley*, 926 SW.2d 284, 287 (Tex. 1996) (natural state of dirt, that it may be slippery when wet or may contain small rocks, does not pose unreasonable risk of harm); *Eubanks v. Pappas Rests., Inc.*, 212 S.W.3d 838, 840–41 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (slime or mud accumulating naturally is not unreasonably dangerous condition); *Gagne v. Sears, Roebuck & Co.*, 201 S.W.3d

8

856, 858 (Tex. App.—Waco 2006, no pet.) ("the natural accumulation of ice on a sidewalk near the entrance of a business does not pose an unreasonable risk of harm to invitees"); *Wal-Mart Stores, Inc. v. Surratt*, 102 S.W.3d 437, 445 (Tex. App.—Eastland 2003, pet. denied) (premises owner "does not have a duty to protect its invitees from conditions caused by a natural accumulation of frozen precipitation on its parking lot because such an accumulation does not constitute an unreasonably dangerous condition").

## C.    Analysis

In a single issue, the City of Houston argues that the trial court erred by denying its plea to the jurisdiction because (1) Cogburn failed to plead a valid waiver of immunity, regardless of whether he was an invitee or licensee, (2) the City's "uncontroverted evidence demonstrates no jurisdiction," and (3) tree maintenance is a discretionary act for which immunity is retained as a matter of law.  On rehearing, the City argues that, because the City challenged the jurisdictional facts supporting Cogburn's claim, we are required to review the relevant evidence submitted to determine whether a fact issue exists.  *Miranda*, 113 S.W.3d at 227.  We agree.  As discussed above, under the framework set forth in *Miranda*, a plea to the jurisdiction may attack a plaintiff's pleadings, the jurisdictional facts, or both.  *See id.* at 226–27.  If a plea challenges jurisdictional facts, review of the plea mirrors that of a traditional motion for summary judgment.

9

*Id.* at 228. After *Miranda*, "[i]t is unquestionably [the] plaintiff['s] burden" to adduce evidence to demonstrate the existence of a fact issue if a governmental entity introduces evidence controverting jurisdictional facts in support of its plea. *City of Houston v. Harris*, 192 S.W.3d 167, 175 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

Here, the City argued in its plea to the jurisdiction that the evidence showed that Cogburn's injury occurred when he tripped on exposed tree roots, and that this could not form the basis for waiver of the City's immunity, because the tree roots were a naturally occurring condition that were open and obvious and thus, as a matter of law, could not create an unreasonable risk of harm, regardless of whether Cogburn was a licensee or invitee. *See Giraldo*, 262 S.W.3d at 869 (to establish premise defect claim, plaintiff must prove condition on premises created unreasonable risk of harm). The City supported its plea with evidence showing that, due to soil conditions and precipitation in the Houston area, the movement of tree roots to the surface of the ground is a naturally occurring condition. The City submitted photographs of the site of Cogburn's injury, which showed tree roots that were exposed and uncovered. Also included in the City's proof was Cogburn's sworn interrogatory response, which stated that he fell because he "tripped on some exposed roots." Taken together, this evidence conclusively proved that the cause of Cogburn's injury—the exposed tree roots—was an open

and obvious naturally occurring condition, and, therefore, as a matter of law, could not create an unreasonable risk of harm. *See Fair*, 310 S.W.3d at 412–14; *Rape*, 139 S.W.3d at 676; *Endsley*, 926 SW.2d at 287; *Eubanks*, 212 S.W.3d at 840–41; *Gagne*, 201 S.W.3d at 858; *Surratt*, 102 S.W.3d at 445.

On appeal, Cogburn cites two cases to support his contention that exposed tree roots can create an unreasonable risk of harm. In *Hamric v. Kansas City Southern Railway Co.*, 718 S.W.2d 916 (Tex. App.—Beaumont 1986, writ. ref'd n.r.e.), the Beaumont Court of Appeals held that the obligation to maintain the right-of-way on a highway included the duty to ensure that grass and weeds did not obstruct a driver's ability to see down the right-of-way. *Id.* at 918–19. In *McVicker v. Johnson County*, 561 S.W.2d 610 (Tex. App.—Waco 1978, writ ref'd n.r.e.), the Waco Court of Appeals held that, where there was evidence that employees of the county knew that a certain part of a county road flooded in heavy rain, and there was a fact question regarding whether this danger was open and obvious, there was a fact question regarding whether the county had a duty to warn motorists about flooding. *Id.* at 611. Neither of these cases suggests that naturally occurring exposed tree roots that are open and obvious can create an unreasonable risk of harm.

Cogburn adduced no evidence in his response to the City's plea. He adduced no evidence to raise a fact issue regarding whether the tree roots at the site

11

of his injury were open and obvious or were a naturally occurring condition. And, although he pleaded in his supplemental petition that the area in which he tripped contained tree roots, an excavation, a pipe *and* corruption, he failed to adduce any evidence that his injury was caused by anything other than the exposed tree roots alone.

In his response to the City's plea, Cogburn complained that he had not yet been able to obtain certain discovery and depositions from the City. However, at least with respect to the question of whether Cogburn tripped over exposed tree roots alone, on the one hand, or a pipe or other non-naturally occurring conditions, on the other, the evidence Cogburn needed to defeat the City's plea was squarely within his control. Cogburn could have raised a fact issue on this question by merely adducing some evidence, by amended interrogatory or affidavit, to the effect that he tripped over something other than exposed tree roots alone.

We are mindful that, when reviewing the evidence related to jurisdictional facts, we must "'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *Kirwan*, 298 S.W.3d at 622 (quoting *Miranda*, 133 S.W.3d. at 228). Here, however, the City's evidence conclusively showed that Cogburn's injury was caused when he tripped over exposed tree roots and that these tree roots were open and obvious and were a naturally occurring condition. Therefore, the burden shifted to Cogburn to adduce evidence sufficient to raise a fact issue on the

question of whether his injury was caused by something other than, or in addition to, the exposed tree roots, or whether exposed tree roots are open and obvious and a naturally occurring condition. *See Miranda*, 133 S.W.3d at 232. Because the City's plea challenged Cogburn's pleadings *and* jurisdictional facts with evidence, Cogburn's supplementation of his pleadings with additional factual allegations about the cause of his injury in response to the plea was insufficient to defeat it. Since the City adduced evidence conclusively negating jurisdictional facts, Cogburn also bore the burden to adduce evidence raising a fact issue on the jurisdictional facts in question. *See Harris*, 192 S.W.3d at 175 ("[i]t is unquestionably [the] plaintiff['s] burden" to adduce evidence to demonstrate existence of a fact issue if governmental entity introduces evidence controverting jurisdictional facts); *see also Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (generally, pleadings are not competent evidence, even if sworn or verified). Cogburn failed to adduce any evidence raising a fact issue regarding whether a private person could be liable to him under Texas law, as required by the TTCA. *See Miranda*, 133 S.W.3d at 232; *see also City of Houston v. Ranjel*, 407 S.W.3d 880, 893 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (amended pleading could not create jurisdiction in the face of conclusive jurisdictional evidence); *Harris*, 192 S.W.3d at 175 (dismissing case for lack of subject-matter jurisdiction because although plaintiffs might have been able

to amend pleadings to sufficiently allege City's knowledge regarding premise defect on remand, plaintiffs had failed to controvert or otherwise demonstrate a fact issue regarding City's knowledge of alleged premise defect in response to City's evidence challenging jurisdictional facts).

The City's sole issue is sustained.

## Conclusion

Having sustained the City's sole issue, we reverse the trial court's order denying the City's plea to the jurisdiction and render judgment granting the City's plea to the jurisdiction and dismissing Cogburn's claims against the City with prejudice.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.