# NO. 12-19-00260-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TEXAS DEPARTMENT OF TRANSPORTATION, APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *DANA PIERCE, APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Texas Department of Transportation (TxDOT) appeals from the denial of its plea to the jurisdiction in which it asserted sovereign immunity and requested dismissal of Dana Pierce's personal injury lawsuit. In two issues, TxDOT contends the road condition at issue did not constitute a special defect, there is no evidence that TxDOT had actual knowledge of a premises defect, and the condition did not pose an unreasonable risk of harm. We reverse the trial court's order and render judgment dismissing Pierce's suit for lack of jurisdiction.

## BACKGROUND

Pierce filed a lawsuit against TxDOT alleging that she was a passenger in a vehicle that encountered "several significant, deep holes and/or excavations" as the vehicle was leaving a private business frequented by semi-trailer trucks, traveling from that business's driveway, and entering onto U.S. Highway 271, property owned and controlled by TxDOT. Asserting causes of action for premises defect and special defect, Pierce alleged that she suffered personal injuries caused by a condition or use of the property and that TxDOT's immunity is waived.

TxDOT filed a plea to the jurisdiction arguing that Pierce has not shown waiver of sovereign immunity and requesting dismissal of the suit. TxDOT asserted that the condition complained of is a "common pothole" and, therefore, as a matter of law, it is not a special defect. It further argued

that no evidence exists to show TxDOT had actual knowledge of the condition, as required to find liability for injuries caused by an ordinary premises defect. TxDOT supported its plea with photographs, climatological data, Google Maps aerial photographs, and Google Maps measurements of the driveway.

The trial court denied the plea to the jurisdiction and TxDOT initiated this interlocutory appeal.

## PLEA TO THE JURISDICTION

In its first issue, TxDOT asserts that Pierce's claims should be dismissed because the complained-of road condition is not a special defect, but rather, is a patch of abraded pavement containing depressions and a common pothole. TxDOT acknowledges that, in the photographs, the depth of the depression or hole is not ascertainable because it is filled with rainwater. It then asserts that portions of the black asphalt pavement can be seen just beneath the surface in places, indicating a shallow depth. It also argues that the condition, which is on the fringe of the highway's shoulder, does not impair ordinary users of the roadway and could have been avoided by using the business's other driveway. TxDOT goes on to argue that, without a special defect finding, Pierce must show that TxDOT actually knew of the dangerous condition at the time of the accident, which she has not done. Therefore, TxDOT argues, it has not waived immunity for the premises defect claim.

## Standard of Review

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Absent the State's consent to suit, a trial court lacks subject matter jurisdiction in a suit against the State. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Pleadings in a suit against a governmental unit must affirmatively demonstrate, either by reference to a statute or express legislative permission, that the legislature consented to the suit. *Id*. If a party believes that the plaintiff's petition does not show jurisdiction and cannot be amended to allege jurisdiction, the party may file a plea to the jurisdiction at any time. *Starkey ex rel. Ragsdale v. Andrews Ctr.*, 104 S.W.3d 626, 628 (Tex. App.−Tyler 2003, no pet.).

Whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226. However, when the legislature conditions an immunity waiver on the existence of a statutory violation, jurisdiction and merits are intertwined, and the elements of the violation are jurisdictional facts. *Town of Shady Shores v. Swanson*, No. 18-0413, 2019 WL 6794327, at *4 (Tex. Dec. 13, 2019); *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 784 (Tex. 2018). Where jurisdictional facts are inextricably linked to the merits of the controversy the trial court has discretion to decide whether the jurisdictional determination should be made at a preliminary hearing or await fuller development of the case. *Miranda*, 133 S.W.3d at 227. If there is a fact question, the court cannot grant the plea to the jurisdiction. *Id*. at 227-28.

When, as here, the plea challenges the existence of jurisdictional facts, we consider evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim. *Clark*, 544 S.W.3d at 770-71. The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Miranda*, 133 S.W.3d at 228. We take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id*. The defendant must assert the absence of subject-matter jurisdiction and conclusively negate a jurisdictional fact. *Swanson*, 2019 WL 6794327, at *5; *Mission Consol. Ind. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 228. If the defendant discharges this burden, the plaintiff must present evidence sufficient to raise a material issue of fact regarding jurisdiction, or the plea will be sustained. *Swanson*, 2019 WL 6794327, at *6; *Garcia*, 372 S.W.3d at 635; *Miranda*, 133 S.W.3d at 228.

**Applicable Law**

Pursuant to the doctrine of sovereign immunity, the State of Texas cannot be sued in her own courts without her consent and then only in the manner indicated by that consent. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 (Tex. 2003). The State can only be sued if the legislature waives immunity in "clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (West 2013); *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 115 (Tex. 2010) (per curiam). The Texas Tort Claims Act (TTCA) provides a limited waiver of immunity, allowing suits against governmental units under certain, narrowly defined circumstances. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). The TTCA provides that a

3

governmental unit is liable for personal injuries caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2019). The TTCA also waives immunity from suit to the same extent. *Id*. § 101.025(a); *Miller*, 51 S.W.3d at 587.

The TTCA provides for a limited waiver of immunity for two categories of claims that allege dangerous conditions on real property – premises defects and special defects. TEX. CIV. PRAC. & REM. CODE ANN. § 101.022. If a claim arises from a premises defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property. *Id*. The duty requires the governmental unit to not injure a licensee by willful, wanton or grossly negligent conduct; furthermore, the government must use ordinary care to warn a licensee, or to make reasonably safe a dangerous condition of which the government is aware and the licensee is not. *City of Weston v. Gaudette*, 287 S.W.3d 832, 836 (Tex. App.−Dallas 2009, no pet.). The plaintiff must show the defendant knew that the dangerous condition existed at the time of the accident. *Id*.

If the condition is a special defect, the governmental unit owes the duty that a private person owes to an invitee. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b); *Hayes*, 327 S.W.3d at 116. With respect to an invitee, the government owes a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the government knew or reasonably should have known. *City of Dallas v. Reed*, 258 S.W.3d 620, 622 (Tex. 2008) (per curiam). To discharge its duty, the governmental unit must either adequately warn of the dangerous condition or make the condition reasonably safe. *See TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009).

Whether a condition is a special defect is a question of law that we review de novo. *Tex. Dep't of Transp. v. Perches*, 388 S.W.3d 652, 655 (Tex. 2012) (per curiam). A "special defect" is not defined by the TTCA, but the legislature identified representative, non-exclusive examples "such as excavations or obstructions on highways, roads, or streets." TEX. REV. CIV. PRAC. & REM. CODE. § 101.022(b); *Hayes*, 327 S.W.3d at 116. Thus, the statutory test is simply whether the condition is of the same kind or class as an excavation or obstruction. *Denton Cty. Tex. v. Beynon*, 283 S.W.3d 329, 332 n.11 (Tex. 2009). The class of special defects contemplated by the statute is narrow. *Hayes*, 327 S.W.3d at 116. A special defect, then, cannot be a condition that falls outside

4

of this class. ***Tex. Dep't of Transp. v. York***, 284 S.W.3d 844, 847 (Tex. 2009) (per curiam). An excavation or obstruction could be described as a condition that presents an unexpected and unusual danger to ordinary users of roadways. ***Beynon***, 283 S.W.3d at 332 n.11. Conditions can be special defects like excavations or obstructions only if they pose a threat to the ordinary users of a particular roadway. ***Id***. A special defect does not exist when the size of a condition is the type of slight variation ordinary drivers, in the normal course of driving, should expect. ***Reed***, 258 S.W.3d at 622. Thus, special defects present some unusual quality outside the ordinary course of events. ***Id***.

**<u>Analysis</u>**

Pierce was a passenger in a pickup truck driven by her husband early one morning while it was still dark. As they exited the truck stop driveway to enter the highway, they encountered what Pierce described as "significant deep holes and/or excavations" that caused the vehicle's suspension to violently shift and rock. Their truck was accelerating from a stop, at about five to eight miles per hour, to enter Highway 271. The vehicle was not damaged, and Pierce's husband was not injured.

In its plea to the jurisdiction, TxDOT asserted that the condition complained of is an ordinary pothole and not a special defect, as a matter of law. In support of its plea, TxDOT relied on photographs of the condition that were taken by Pierce's husband a few days after the incident, Google Map aerial photos, and local climatological data.

The photos depict an area of asphalt with an uneven, rough, irregular surface. The surface material is wearing away, and some depressions can be seen. The photographs show that the complained-of condition is at the edge of the highway pavement, where it meets the concrete driveway of the truck stop. The width of the driveway, as it touches Highway 271, is 102 feet. The portion of the irregular asphalt runs along only a fraction of that 102 feet.

It was raining at the time of the incident, and Pierce testified that the entire driveway entrance was covered with water that morning. In the photos, water covers only part of the irregular area, indicating some places are deeper than others. The water-filled areas do not span the entire 102 feet next to the driveway. The uneven area does not appear to be in the regular lane of traffic. It is between the lane where highway traffic travels and the driveway. The height of the driveway appears to be higher than the highway.

Special defects are conditions that fall within the same kind or class as an excavation or obstruction. TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b). Several cases demonstrate what

5

conditions are included in the statutory definition of "special defect." A pothole large enough to stop vehicles in their tracks and cause damage and injury constitutes unexpected and unusual dangers to ordinary users of the roadway. *See, e.g., **Cty. of Harris v. Eaton***, 573 S.W.2d 177, 178-79 (Tex. 1978) (oval-shaped hole six to ten inches deep, and four to nine feet wide, extending across ninety percent of roadway is a special defect); ***City of Weston v. Gaudette***, 287 S.W.3d 832, 838-39 (Tex. App.–Dallas 2009, no pet.) (pothole ten feet wide and five to six inches deep, extending the width of one traffic lane is a special defect); ***Morse v. State***, 905 S.W.2d 470, 475 (Tex. App.–Beaumont 1995, writ denied) (ten to twelve inch drop off on shoulder of road is a special defect); ***State v. Nichols***, 609 S.W.2d 571, 573 (Tex. Civ. App.–Waco 1980, writ ref'd n.r.e.) (caved-in portion of highway three to five feet wide and three to four feet deep, extending across entire highway is a special defect).

The supreme court has declined to expand the statutory definition of "special defect" beyond its terms. ***Beynon***, 283 S.W.3d at 333. Variations in public roadways of a few inches are not the same as the excavations or obstructions mentioned in the TTCA. ***City of Denton v. Paper***, 376 S.W.3d 762, 765 (Tex. 2012) (per curiam). The class of special defects contemplated by the statute does not include common potholes or similar depressions in the roadway. *Id*. at 766. Construing an uneven and partially deteriorating road surface as an excavation or obstruction strains the definitions of those conditions. *See **City of El Paso v Bernal***, 986 S.W.2d 610, 611 (Tex. 1999) (per curiam) (held that worn or depressed area of sidewalk approximately three feet by six feet in size with a depth of three inches was not a special defect); ***City of Grapevine v. Roberts***, 946 S.W.2d 841, 843 (Tex. 1997) (per curiam) (held photographs show cracked and crumbled sidewalk step, which does not meet definition of excavation or obstruction).

While passengers in vehicles encountering the rough asphalt at the edge of Highway 271 would not have the same experience as when traveling over a smooth surface, the road's condition does not pose a threat to ordinary users. As the supreme court has said, "not every hole or hindrance is special; otherwise, the statutory limitation on the government's duty would amount to little." ***Reyes v. City of Laredo***, 335 S.W.3d 605, 607 (Tex. 2010) (per curiam). Here, the irregular surface does not constitute an "unusual quality outside the ordinary course of events" such as would cause it to be included in the class of conditions covered by the statute. *See **Reed***, 258 S.W.3d at 622. Rough, uneven asphalt and even potholes are not unexpected and should be within the realm of

objective expectations of the ordinary user. *See Hayes*, 327 S.W.3d at 116. Typically, such irregularities will not present an unusual danger to the traveler. *Paper*, 376 S.W.3d at 766.

The photographs indicate the irregular surface does not compare with the road conditions that have been found to be in the same class as excavations. Further, the truck was accelerating at the time it encountered the road condition and was not completely stopped by the road condition. The truck did not get stuck or flip as in some cases involving special defects. *See Eaton*, 573 S.W.2d at 180 (special defect in road caused car to flip and land upside down); *Graham v. Tyler Cty.*, 983 S.W.2d 882, 885 (Tex. App.−Beaumont 1998, pet. denied) (special defect in road stopped back wheels of car).

Neither the road nor the entrance to the truck stop driveway were impassable. The photos show that the surface was not rough and irregular all along the entrance. As the deteriorated area does not span the entire entrance, it is possible for vehicles to avoid it while entering the business premises. Further, vehicles could have used the truck stop's other driveway. Although it may have been impossible to avoid driving through water on this driveway on the morning of the incident, that fact does not prove a special defect. *See Villegas v. Tex. Dep't of Trans.*, 120 S.W.3d 26, 32 (Tex. App.−San Antonio 2003, pet. denied) (held that a pool of rainwater that accumulated on the road is not unexpected or unusual to a motorist). We can infer that the depth of any water-covered potholes was not extreme because there was no damage done to the vehicle. Additionally, deterioration of asphalt over time, particularly where there is heavy truck traffic, is not unusual or unexpected.

The photographs presented by TxDOT provide adequate information to determine, as a matter of law, that the condition of the road is not a special defect. *See Paper*, 376 S.W.3d at 765-66; *Roberts*, 946 S.W.2d at 843 (photographic evidence sufficiently demonstrated that sidewalk's condition was not special defect). Because the standard of review for a jurisdictional plea based on evidence generally mirrors that of a traditional motion for summary judgment, the burden shifted to Pierce to present evidence sufficient to raise a fact issue regarding jurisdiction. *See Swanson*, 2019 WL 6794327, at *6; *Miranda*, 133 S.W.3d at 228.

With her response, Pierce relied on portions of the deposition testimony of Jeff Harmon, a TxDOT employee, who testified that if a large hole is in an area where vehicles travel, it is a risk and danger to the public. He also stated that caving roadways are a danger to the public. Harmon

7

was speaking in generalities and did not provide evidence that the specific road condition Pierce encountered included a large hole or caving.

Pierce also relied on a TxDOT work order, dated April 18, 2016, four days after the incident. The location of the work is listed as "I20 & 271 truck stop entrance." The words "potholes" and "edge repair" are circled in a list under the title "Work Description." Under the "Details" section it states: "large holes & edge of pavement @ ditch caving off. This is a truck entrance." A hand-written notation says the work was "finished" on April 19, 2016. The terms "large holes" and "caving off" are subjective and not expounded upon in the work order, a one-page form that was not filled out completely. Most lines were left blank including date assigned, person it was assigned to, and name, address, and telephone number of the location. The work order identified the need for a repair in the most general manner possible. The terminology used in the work order does not reasonably infer that the condition needing repair is of the same class as an excavation or obstruction. This evidence is proof that a repair was needed at the location of the incident, but its use of cryptic terms is too vague to constitute evidence creating a fact issue regarding whether the condition is a special defect. Thus, Pierce did not meet her burden to raise a material issue of fact regarding jurisdiction. *See* **Miranda**, 133 S.W.3d at 228. Because the road condition was not a special defect, Section 101.022(b) of the TTCA does not waive TxDOT's immunity from suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b); **Hayes**, 327 S.W.3d at 117.

We next consider whether the trial court had jurisdiction over Pierce's claim for premises defect. To establish a waiver of immunity for a premises-defect claim, Pierce must establish, among other elements, that TxDOT had actual knowledge of the dangerous condition at the time of the incident. **Hayes**, 327 S.W.3d at 117. In its plea to the jurisdiction, TxDOT argued that there is no evidence that it had actual knowledge of the road condition as it existed at the time of the incident. Pierce asserts that TxDOT was aware that this location was repaired several times before the incident, including approximately six months before, and that it is an area of heavy truck traffic. Further, TxDOT's employee acknowledged that there is a greater risk of failures on roadways where heavy trucks travel.

Pierce's evidence misses the mark. It is not sufficient for TxDOT to know of the possibility that a dangerous condition could develop over time. *See id*. Awareness of a potential problem is not actual knowledge of an existing danger. **Paper**, 376 S.W.3d at 767. Pierce did not present evidence raising a fact question regarding TxDOT's knowledge of the road condition at the time

8

of the incident.  Therefore, TxDOT's immunity from suit on the premises defect claim is not waived.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a); *Miranda*, 133 S.W.3d at 228

Because TxDOT showed as a matter of law that the trial court lacked subject matter jurisdiction, the trial court erred in denying TxDOT's plea to the jurisdiction.  *See Miranda*, 133 S.W.3d at 232.  We sustain TxDOT's first issue.  It is not necessary to address TxDOT's second issue, in which it contends the condition did not pose an unreasonable risk of harm.  *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having determined that TxDOT did not waive sovereign immunity, we *reverse* the trial court's order and *render* judgment that TxDOT's plea to the jurisdiction is *granted* and the cause is *dismissed* for want of jurisdiction.

JAMES T. WORTHEN
Chief Justice

Opinion delivered January 31, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2020**

**NO. 12-19-00260-CV**

**TEXAS DEPARTMENT OF TRANSPORTATION,**
Appellant
V.
**DANA PIERCE,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 18-0355-A)

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the trial court's order denying Texas Department of Transportation's plea to the jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the trial court's order denying Texas Department of Transportation's plea to the jurisdiction be, and the same is, hereby **reversed** and judgment is **rendered** granting the plea to the jurisdiction and **dismissing** Dana Pierce's claims against Texas Department of Transportation for want of jurisdiction. It is further ORDERED that all costs in this cause expended in this court be, and the same are, hereby adjudged against the Appellee, **DANA PIERCE**, for which let execution issue; and that this decision be certified to the court below for observance.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*