**Leonard EUBANKS, Appellant,**

v.

**PAPPAS RESTAURANTS, INC. and Pappas Partners, L.P., Appellees.**

**No. 01–05–00833–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 7, 2006.

Rehearing Overruled Jan. 10, 2007.

Eric Vincent Blanchard, J. Ronald Vercher, Houston, for Appellant.

---

**2.** Section 31.073 was amended effective September 1, 2005.

Dean G. Pappas, Mary Markantonis, Dean G. Pappas & Associates, P.C., Houston, for Appellees.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

## OPINION ON REHEARING

SAM NUCHIA, Justice.

We grant appellant's motion for rehearing, vacate our June 1, 2006 judgment, withdraw our June 1, 2006 opinion, and issue this opinion in its place.

Appellant, Leonard Eubanks, filed a premises-liability suit against appellees, Pappas Restaurants, Inc. and Pappas Partners, L.P., after he slipped and fell in a restaurant parking lot owned by them. The trial court granted appellees' first amended motion for summary judgment,[1] and appellant appeals, contending that appellees failed to establish as a matter of law that the condition resulting in appellant's injury did not pose an unreasonable risk of harm. We affirm.

## BACKGROUND

On August 21, 2002, appellant arrived at a Pappas restaurant at about 5:30 p.m. to attend a seminar. While appellant was inside, it rained for nearly 30 minutes. At about 8:00 p.m., appellant left the restaurant and walked to his truck. As he approached his truck, which was parked near a flower bed and other landscaped areas, and stepped over a concrete tire stop, he slipped and fell. He grasped for the hood of his truck in an attempt to regain his balance, and, in the process, badly injured his shoulder.

The next morning, after going to a doctor, appellant returned to the restaurant and spoke with the manager on duty who, according to company policy, filled out a guest-incident report. The report stated that "[appellant] slipped on slime that had formed in the parking lot."

Appellant, in deposition testimony, described the substance in the following ways:

"It was, like, just slimy mud, kind of—it looked like somebody had raked up a bunch of leaves and picked up the leaves, but kind of left the dirt, the topsoil or—you know, didn't pick it all up with a dustpan, didn't clean it up properly."

"And I told [the restaurant manager] that when I went out to my vehicle [the night of the incident], that I had slipped and fallen in some mud that was left on the parking lot pavement."

"Well, right there's where I got into that, the mud or dirt or clay or whatever it was. It looked like they had swept it up or cleaned it up and didn't pick it up and there had been a little bit of rain that day. I don't know if it was water from the water beds or if it had been from the rain or what but it turned into like mud or slime and that's when I slipped and fell and hurt my arm."

"[The fall] happened so fast that there wasn't nothing I could do. It was real slimy."

"And so the next morning, I went back and I showed the manager, you know, the slime and the mud that was on the ground and I said this, you know, this is the reason why I fell and hurt myself. . . ."

"It just looked like the water had made a slime there and you really couldn't see it until I stepped in and once I slid and fell down and then I got back up and looked at it, then I could see my footprints, you know, tracks in the mud."

The summary-judgment evidence further showed that appellees' procedure was

---

1. Appellant's motion was filed in accordance with Tex.R. Civ. P. 166a(c).

to clean the parking lot every Thursday (appellant's fall occurred on Wednesday night), and appellees' landscape supervisor testified that he believed it would take at least a few weeks for slime to form.

## STANDARD OF REVIEW

Summary judgment under rule 166a(c) is proper only when the movant establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Lawson v. B Four Corp.,* 888 S.W.2d 31, 34 (Tex.App.-Houston [1st Dist.] 1994, writ denied). In reviewing a summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Johnson,* 891 S.W.2d at 644; *Lawson,* 888 S.W.2d at 33. We will take all evidence favorable to the nonmovant as true. *Id.* As movant, the defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex. 1991); *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex.App.-Houston [1st Dist.] 1993, writ denied). Once the movant has established its right to summary judgment, the burden shifts to the nonmovant to raise a fact issue or to defeat at least one element of the movant's affirmative defense. *See Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

■ To prevail in a premises liability case, an invitee must plead and prove, among other elements, that a condition on the premises posed an unreasonable risk of harm to the invitee. *M.O. Dental Lab. v. Rape,* 139 S.W.3d 671, 675 (Tex.2004). In its First Amended Motion for Summary Judgment, Pappas argued that summary judgment was warranted because the summary judgment evidence establishes that the "slime," "mud," or "slimy mud" that

Eubanks allegedly slipped on did not pose an unreasonable risk of harm to him. In support of this argument, Pappas cites the Supreme Court's opinion in *M.O. Dental v. Rape,* holding that "[o]rdinary mud that accumulates naturally on an outdoor concrete slab without the assistance or involvement of unnatural contact is, in normal circumstances, nothing more than dirt in its natural state and, therefore, not a condition posing an unreasonable risk of harm." *Id.* at 676.

■ In its motion, Pappas presented summary judgment evidence in the form of the recorded statement of Eubanks and his deposition testimony establishing that Eubanks slipped in naturally occurring mud that developed without the assistance of Pappas employees or anyone else. The summary judgment evidence sets forth the following relevant facts:

1. Appellant parked his car without noticing any 3' by 4' area of mud that he later slipped on.

2. There was a flower bed next to the spot where Eubanks slipped.

3. There were decorative flowers and bushes in the flower bed next to the spot where he slipped.

4. It rained for 30 minutes after Eubanks parked his car and entered the restaurant.

5. Upon exiting the restaurant, Eubanks slipped in "slime," "mud" or "slimy mud" composed of a mixture of topsoil, leaves, and grass.

Thus, appellees' summary judgment evidence established that the substance was a naturally occurring accumulation that, although possibly posing a risk of harm, did not pose an unreasonable risk. *See id.* at 675–76. The burden then shifted to Eubanks to provide summary judgment evidence that the slime or mud did not accumulate naturally. However, in his sum-

mary judgment response, Eubanks offered no evidence that anything other than nature was involved in the occurrence of the slime or slimy mud. Conclusory and speculative statements in an affidavit and deposition that the "slime," "mud" or "slimy mud" was the result of the landscaping crew's negligence in cleaning up the area are not sufficient to meet this burden. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984).

Because appellant did not meet his burden to raise a fact issue regarding whether the slime or mud was not a naturally occurring substance, the trial court did not err in granting appellees' motion for summary judgment. Accordingly, we overrule appellant's sole issue and affirm the judgment.