Opinion issued December 23, 2014



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00317-CV

————————————

## LISA WELCOME, Appellant

## V.

## TEXAS ROADHOUSE, INC., TEXAS ROADHOUSE OF FRIENDSWOOD, LTD., TEXAS ROADHOUSE MANAGEMENT CORP., TEXAS ROADHOUSE HOLDINGS, LLC AND ROADHOUSE ENTERPRISES, INC., Appellees

On Appeal from the 80th District Court
Harris County, Texas
Trial Court Case No. 2009-13776

## MEMORANDUM OPINION

Lisa Welcome appeals the trial court's take-nothing judgment rendered on a jury verdict in her slip-and-fall case against Texas Roadhouse, Inc., Texas Roadhouse of Friendswood, Ltd., Texas Roadhouse Management Corp., Texas Roadhouse Holdings, LLC and Roadhouse Enterprises, Inc. (collectively, Texas

Roadhouse). In five issues,[1] Welcome argues that her retained pre-trial counsel rendered ineffective assistance and that the trial court abused its discretion by denying her motion for a continuance and her motion for amended discovery,[2] denying her motion to suppress her deposition, denying her motion to admit evidence of another slip-and-fall case involving another Texas Roadhouse restaurant, and denying her motion for judgment non obstante verdicto (JNOV). We affirm.

## Background

Lisa Welcome and a dinner companion were eating at the bar at Texas Roadhouse's Friendswood restaurant on March 27, 2007. Welcome slipped on the bar's hardwood floors as she was walking to the ladies' room and broke both of her arms as she tried to break her fall. Welcome also testified that although she did not see what actually caused her fall, she assumed that it was the peanut and peanut shell debris on the restaurant's hardwood floor, coupled with the fact that the floor was slightly slanted.[3] Two other witnesses testified to having visited the restaurant before this accident and noticed a slight slant in the floor where Welcome fell.

---

[1] We liberally construe pro se pleadings and briefs. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).

[2] We liberally construe these requests as a motion to compel discovery.

[3] Texas Roadhouse provides its patrons with buckets of roasted peanuts in the shell and used peanut shells are often discarded on the restaurant's floor.

One witness testified that she had almost fallen there many times. Neither witness, however, saw Welcome's feet when she fell or reported the slant in the floor to the restaurant.

Tony Bloomfield is the managing partner of Texas Roadhouse's Friendswood restaurant and has been in charge of the restaurant's day-to-day operations since inception. He testified that the area where Welcome fell is flat and there had been no changes in the area's elevation before her fall in 2007. According to Bloomfield, the area where Welcome fell is a "high-traffic area" and that he "would never want to put any sort of incline or decline [there] because then it would be not only a slip hazard, but a trip hazard." Bloomfield also testified that from the date the restaurant opened in 2001 until Welcome fell in March 2007, there had been no complaints about the floor or other reported falls in that area of the restaurant. He pointed out that, although all Texas Roadhouse restaurants have essentially the same floor plan, not all of the restaurants have hardwood floors. According to Bloomfield, at some point, the restaurants were constructed with concrete floors in the bar area, not hardwood floors, because it was less expensive to do so.

The jury found that neither Welcome nor Texas Roadhouse was negligent with respect to her fall. Based on the jury's verdict, the trial court entered a take-

nothing judgment against Welcome and dismissed Welcome's claims against all of the Texas Roadhouse defendants with prejudice.

Welcome represented herself at trial and filed a timely pro se appeal.[4]

**Ineffective Assistance of Counsel**

In her first issue, Welcome contends that her retained pre-trial counsel rendered ineffective assistance. The United States Supreme Court has recognized that ineffective assistance of counsel in the *criminal* context is a violation of the Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984). However, it is well established that the doctrine of ineffective assistance of counsel does not extend to most *civil* cases, including cases involving claims for personal injury. *See Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 343 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (holding doctrine of ineffective assistance of counsel inapplicable in personal injury suit); *see also McCoy v. Texas Instruments, Inc.*, 183 S.W.3d 548,

---

[4] Although we liberally construe pro se pleadings and briefs, we nonetheless require pro se litigants to comply with applicable laws and rules of procedure. *See Wheeler*, 157 S.W.3d at 444 ("pro se litigants are not exempt from the rules of procedure"); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). As the Supreme Court has previously explained, "[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel," *Wheeler*, 157 S.W.3d at 444, and would give pro se litigants an "unfair advantage over litigants represented by counsel." *Mansfield State Bank*, 573 S.W.2d at 185.

4

553 (Tex. App.—Dallas 2006, no pet.) (stating that doctrine of ineffective assistance of counsel does not extend to civil cases).

We overrule Welcome's first issue.

**Motion for Continuance and Motion to Compel Discovery**

In her second issue, Welcome contends that the trial court abused its discretion by denying her motion for continuance and her motion for amended discovery, which we liberally construe as a motion to compel discovery.

A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit. *See* TEX. R. CIV. P. 251; *Blake v. Lewis*, 886 S.W.2d 404, 409 (Tex. App.—Houston [1st Dist.] 1994, no writ). We review a trial court's denial of a motion for continuance for an abuse of discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). If the motion for continuance is not verified or supported by affidavit, appellate courts will presume that the trial court did not abuse its discretion by denying the motion. *Moreno v. Silva*, 316 S.W.3d 815, 818 (Tex. App.—Dallas 2010, pet. denied) (citing *Villegas*, 711 S.W.2d at 626).

Here, the trial transcript reflects that, before announcing ready, Welcome presented the trial court with an unverified, written motion for continuance that she had filed the previous day—a copy of that motion is attached to her brief, but is not included in the appellate record. *See* TEX. R. APP. P. 34.1 (defining appellate

5

record as clerk's record and any reporter's record necessary to appeal). Welcome informed the trial court that she was requesting the continuance because she needed more time to obtain witness statements and other discovery that Texas Roadhouse had previously refused to provide to her. According to Welcome, such information was the subject of her "motion for amended discovery"—a copy of which was attached to the motion for continuance.

The record reflects that the trial court denied the motion because it was unverified and the requested discovery could have been obtained earlier in the discovery process. Assuming, without deciding, that Welcome preserved her complaint for our review, Welcome is, nevertheless, not entitled to relief because she has not shown that the trial court abused its discretion by denying her unverified motion for continuance or her motion to compel discovery. *See Villegas*, 711 S.W.2d at 626 (stating that when motion for continuance does not comply with rule 251, trial court's denial of motion is presumptively not abuse of discretion); *Piazza v. Cinemark, USA, Inc.*, 179 S.W.3d 213, 216 (Tex. App.—Eastland 2005, pet. denied) (stating trial court did not abuse its discretion by denying motion to compel because plaintiff had more than ample time for discovery).

We overrule Welcome's second issue.

**Motion to Suppress Deposition**

In her third issue, Welcome contends that the trial court abused its discretion by denying her motion to suppress her deposition, pursuant to Texas Rule of Civil Procedure 203.5. Rule 203.5 states:

> A party may object to any errors and irregularities in the manner in which the testimony is transcribed, signed, delivered, or otherwise dealt with by the deposition officer by filing a motion to suppress all or part of the deposition. If the deposition officer complies with Rule 203.3 at least one day before the case is called to trial, with regard to a deposition transcript, or 30 days before the case is called to trial, with regard to a nonstenographic recording, the party must file and serve a motion to suppress before trial commences to preserve the objections.

First, the appellate record—which does not contain a copy of Welcome's motion to suppress—does not demonstrate that Welcome complied with rule 203.5 by filing and serving her motion before the commencement of trial. TEX. R. CIV. P. 203.5. (requiring party objecting to "errors and irregularities in the manner in which the testimony is transcribed, signed, delivered, or otherwise dealt with by the deposition officer" to file and serve motion to suppress deposition before commencement of trial.) Second, Welcome argues that her deposition should have been suppressed because she was "not physically, mentally or emotionally prepared" to give a deposition at that time, and her attorney did not give her an opportunity to read and sign her deposition. She does not complain about any "errors and irregularities in the manner in which the testimony is transcribed,

7

signed, delivered, or otherwise dealt with by the deposition officer." As such, assuming without deciding that Welcome preserved her complaint for our review, we cannot say that the trial court abused its discretion by denying her motion to suppress.

We overrule Welcome's third issue.

## Motion to Admit Evidence

In her fourth issue, Welcome contends that the trial court abused its discretion by denying her motion to admit evidence of another slip-and-fall case involving another Texas Roadhouse restaurant. In particular, Welcome argues that the trial court abused its discretion by refusing to allow her to introduce into evidence the jury charge from a civil suit filed against a Texas Roadhouse restaurant located in Temple, Texas, and internet articles discussing that lawsuit. Welcome's motion is attached to her appellate brief, but is not included in the appellate record. *See* TEX. R. APP. P. 34.1. The record reflects, however, that Welcome brought her motion to the court's attention and obtained a ruling.

The decision to admit or exclude evidence is "a matter committed to the trial court's sound discretion." *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001); *see also In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005) ("We review a trial court's decision to admit or exclude evidence for an abuse of discretion."). The trial court abuses its discretion when it acts without reference to

8

any guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *D & M Marine, Inc. v. Turner*, 409 S.W.3d 693, 699 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

Evidence of similar events is admissible if the "earlier accidents occurred under reasonably similar but not necessarily identical circumstances." *McEwen v. Wal–Mart Stores*, 975 S.W.2d 25, 29 (Tex. App.—San Antonio 1998, pet. denied) (quoting *Mo. Pac. R.R. Co. v. Cooper*, 563 S.W.2d 233, 236 (Tex. 1978)). Prior to admission of evidence of similar events, however, the plaintiff must first establish (1) a predicate of similar or reasonably similar conditions, (2) connection of the conditions in some special way, or (3) that the incidents occurred by means of the same instrumentality. *McEwen*, 975 S.W.2d at 29.

Here, the record reflects that Welcome did not establish that the earlier incident at the Texas Roadhouse restaurant in Temple, Texas, occurred under reasonably similar circumstances to her slip-and-fall at the Friendswood location. In particular, the appellate record is devoid of any evidence regarding the circumstances surrounding the accident in Temple (e.g., the cause of the fall, the type of floor where the fall occurred). Bloomfield, the only witness who testified

about possible similarities between the Temple and Friendswood restaurants, stated that all Texas Roadhouse restaurants have essentially the same floor plan, but not all of the restaurants have hardwood floors. According to Bloomfield, at some point, the restaurants were constructed with concrete floors in the bar area, as opposed to hardwood floors, because it was less expensive to do so. Although the Friendswood restaurant was built in 2001 and had hardwood floors, Bloomfield did not know when the Temple restaurant was built or whether it had concrete or hardwood floors in the bar area. Bloomfield also testified that he was not aware of any lawsuits filed against the Temple restaurant. Because Welcome failed to establish that the incident at the Temple restaurant occurred under reasonably similar circumstances to those in the present case, we cannot say that the trial court abused its discretion by denying her motion to admit evidence. *See generally McEwen*, 975 S.W.2d at 29 (requiring plaintiff to establish predicate of similar or reasonably similar conditions prior to admission of evidence of similar events).

We overrule Welcome's fourth issue.

## Motion for JNOV

In her fifth issue, Welcome contends that the trial court erred in denying her motion for JNOV.

A trial court may disregard a jury's verdict and render a JNOV if there is no evidence to support the jury's findings or if a directed verdict would have been

10

proper. *Brown v. Bank of Galveston*, 963 S.W.2d 511, 513 (Tex. 1998). We review the trial court's ruling on a motion for JNOV under a legal-sufficiency standard, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)). When examining a legal sufficiency challenge, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *See City of Keller*, 168 S.W.3d at 822. The evidence is legally sufficient if it would enable a reasonable and fair-minded person to reach the verdict under review. *Tanner*, 289 S.W.3d at 830 (citing *City of Keller*, 168 S.W.3d at 827). When, as here, a party attacks the legal sufficiency of an adverse finding on which she had the burden of proof, she must demonstrate that the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

In order to prevail in her premises liability case, Welcome was required to plead and prove, among other elements, that a condition on the premises posed an unreasonable risk of harm to her and other invitees. *See M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 675 (Tex. 2004). Welcome argued at trial that the slightly slanted hardwood floors in the restaurant's bar area, coupled with the peanut debris on the floor, posed an unreasonable risk of harm to her and other restaurant patrons.

11

Welcome had the burden to prove that there was a condition on the restaurant's premises that posed an unreasonable risk of harm to her and other invitees. *See id.* The mere fact that a restaurant patron slips and falls does not, by itself, prove that the condition of the restaurant's floor posed a foreseeable, unreasonable risk of harm. *See Eubanks v. Pappas Restaurants, Inc.*, 212 S.W.3d 838, 841 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Although Welcome and two other witnesses testified that there was a slight incline in the floor where she fell, Bloomfield testified that the hardwood floor was flat and there was no incline. As the sole judge of the witnesses credibility and the weight to give their testimony, it was the province of the jury to believe all, some, or none, of a particular witness's testimony and to resolve any conflicts in the testimony. *See City of Keller*, 168 S.W.3d at 819. Because it is the jury's province to resolve conflicting evidence, we must assume that jurors resolved all conflicts in accordance with their verdict. *Id.* at 819–20. In light of such conflicting evidence, we conclude that Welcome did not conclusively establish that there was a condition on the restaurant's premises that posed an unreasonable risk of harm to her and other invitees. *See M.O. Dental Lab.*, 139 S.W.3d at 675.

Reviewing the evidence in the light most favorable to the verdict and indulging every reasonable inference that would support it, we hold that there was legally sufficient evidence to support the jury's verdict. *See City of Keller*, 168

S.W.3d at 822. Accordingly, we hold that the trial court did not err in denying Welcome's motion for JNOV.

We overrule Welcome's fifth issue.

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice


Panel consists of Justices Higley, Bland, and Sharp.